# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:11CR190-MOC-DSC |
| | ) | |
| v. | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| | ) | |
| **(3) MICHAEL DAVID MORRIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

In the Bill of Information in this case, the United States sought forfeiture of property of the Defendant as property that was proceeds of and/or was used to facilitate the crimes charged, together with any other substitute property, which would be subject to forfeiture under § 853(p).

Defendant entered into a plea agreement; subsequently pled guilty to Counts One and Two in the Bill of Information, and was adjudged guilty of the offenses charged in those counts. In the plea agreement, Defendant has agreed to forfeit property including substitute property, and in a separate consent document has agreed to forfeiture of specific real property as described below.

It is therefore ORDERED:

1. Based upon Defendant's plea of guilty, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition according to law; provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein under 21 U.S.C. § 853(n): real property located at 1937 Tryon Courthouse Road, Cherryville, North Carolina, and described in instruments recorded at Book 4498, Page 493, and Book 4402, Page 2265, in the Gaston County Public Registry. The terms and conditions of the proposed consent order filed with the Government's Motion are incorporated into this Order and may be enforced as part of this Order.

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish as required by law notice

of this Order and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may, as permitted by law and to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

**SO ORDERED**.

Signed: April 9, 2012

David S. Cayer
United States Magistrate Judge